UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA BAKER,<br>Plaintiff,<br>v.<br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br>Defendants. | No. 2:26-cv-02734-DC-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds without counsel and alleges delay by the United States Citizenship and Immigration Services in the processing of her Form I-360 application. (ECF No. 1.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff has filed an application to proceed in forma pauperis ("IFP"). (ECF No. 2.)

The court may authorize commencement of this action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and

certainty" (internal quotation omitted)).

Courts may look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications. E.g., Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 n.5 (11th Cir. 2004). According to the affidavit, plaintiff receives $4,703.00 monthly and has two dependents. Plaintiff's income is more than double the 2026 federal poverty guideline level for a three-person household. See https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines. While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). The information in plaintiff's IFP application is inconsistent with a finding of poverty.

Accordingly, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied. Since plaintiff reports having monthly expenses that consume nearly all her available income, the undersigned recommends plaintiff be granted leave to pay the fee in $25.00 monthly installments and that the Clerk's Office be directed to issue summonses after the first installment is received.

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;
2. Plaintiff be granted leave to satisfy the $350.00 filing fee and $55.00 administrative fee in monthly installments of $25.00 or more, with the first payment due within 14 days of the district court's decision on these findings and recommendations and due on the first of each month thereafter;
3. The Clerk of the Court be directed to issue summonses after the first installment is received; and
4. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). No objections period is required for IFP denials, see Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), but

plaintiff may file written objections to these findings and recommendations within 7 days. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Dated: August 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 bake26cv2734.ifp